FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2002 FEB 15 P 2:07

FEB 14 2002

**DILWORTH PAXSON LLP**
A Pennsylvania Limited Liability Partnership
Liberty View
457 Haddonfield Road, Suite 700
Cherry Hill, NJ 08002
(856) 663-8877
ATTORNEYS FOR PLAINTIFF

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
Northern Division

| | |
|---|---|
| ENVIRONMENTAL EQUIPMENT & SERVICES, INC. | CASE NO: L 01-4194 |
| | CIVIL ACTION |
| Plaintiff, | |
| vs. | |
| DIAMOND INTERNATIONAL LOGISTICS, INC. | STIPULATION OF SETTLEMENT |
| Defendant. | |

WHEREAS, Environmental Equipment & Services, Inc. ("**Environmental**"), having filed a Complaint against Diamond International Logistics, Inc. ("**Diamond**") in the Superior Court of New Jersey, Gloucester County Law Division bearing Docket No. GLO-L-599-01 which action was thereafter removed to the United States District Court, District of New Jersey bearing Docket No. 01-cv-2381, and which was thereafter transferred to the United States District Court, District of Maryland, Northern Division bearing Docket No: L 01-4194 (the "**Action**");

APPROVED THIS 15TH DAY OF February, 2002

_____
BENSON EVERETT LEGG, U.S.D.J.

102449-1

WHEREAS, Diamond filed an Answer and Counterclaim to the Complaint filed by Environmental;

WHEREAS, Environmental and Diamond, sometimes collectively referred to hereinafter as the **"Parties"**, have reached an amicable resolution of the claims asserted by them in this Action;

NOW, THEREFORE, for the mutual consideration set forth herein, and intending to be legally bound hereby, Environmental and Diamond hereby agree as follows:

1. Diamond hereby agrees to pay Environmental the lump sum of Sixty Two Thousand Dollars ($62,000.00) on or before July 8, 2002. The $62,000.00 payment must be mailed to Dilworth Paxson LLP, Attention: Francis P. Maneri, Esquire, 457 Haddonfield Road, Cherry Hill, NJ 08002 and must be received on or before July 8, 2002.

2. In the event that Diamond does not make timely payment of the sum of $62,000.00 as set forth in Paragraph 1 above, then Diamond shall be in default of this Stipulation of Settlement (**"Stipulation"**). In the event of default, Environmental shall be entitled to the entry of Final Judgment in the amount of $70,000.00. Such judgment shall be entered upon the submission by counsel for Environmental of a Certification stating that Diamond is in default of this Stipulation, which Certification shall be served upon counsel for Diamond.

3. Simultaneously upon execution of this Stipulation, Diamond shall execute and deliver a General Release to Environmental releasing Environmental from any and all

102449-1

claims or causes of action which were asserted or could have been asserted in this Action. The form of the Release is attached hereto and made a part hereof as Exhibit "A":

4.  Simultaneously upon execution of this Stipulation, Environmental shall execute and deliver a General Release to Diamond releasing Diamond from any and all claims or causes of action which were asserted or could have been asserted in this Action, except for Diamond's obligations under this Stipulation. The form of the Release is attached hereto and made a part hereof as Exhibit B.

5.  Environmental and Diamond have entered into this Stipulation freely and voluntarily and upon advice of their respective counsel, Environmental being represented by Dilworth Paxson PLCC and Diamond being represented by Weinstock, Friedman & Friedman, P.A.

6. This Stipulation is not an admission of liability or damages or an adoptive admission on the part of any of the Parties hereto but, rather, is entered into for purposes of settlement and to resolve all issues in the Action between Environmental and Diamond.

7. This Stipulation constitutes and represents the entire understanding and agreement between Environmental and Diamond. No prior, contemporaneous or subsequent oral statement, nor any prior or contemporaneous writing shall be admissible to alter, modify or interpret this Stipulation. This Stipulation may only be amended or modified by a writing signed by the Parties, and this provision shall not be orally waivable.

102449-1

8. This Stipulation and the attachments hereto shall be binding upon and inure to the benefit of the Parties and their respective successors, assigns, employees, agents, officers, directors, insurers, representatives and affiliates.

**DILWORTH PAXSON PLCC**
*Attorneys for Plaintiff*

By: _/s/ Michael J. Dixon_
Michael J. Dixon

**WEINSTOCK FRIEDMAN & FRIEDMAN, P.A.**
*Attorneys for Defendant*

By: _/s/ Sidney S. Friedman_
Sidney S. Friedman

102449-1

4